In re Robert L. KALMAR, Debtor.

Sara J. Daneman, Trustee, Plaintiff,

v.

Bank One, N.A., Defendant.

Bankruptcy No. 00–55792.
Adversary No. 00–0508.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Nov. 6, 2001.

Sara J. Daneman, Gahanna, OH, for Plaintiff/Trustee.

Tyson A. Crist, Victoria E. Powers, Schottenstein, Zox & Dunn, Columbus, OH, for Defendant.

Louis W. Cennamo, Columbus, OH, for Debtor.

## OPINION AND ORDER DENYING CROSSMOTIONS FOR SUMMARY JUDGMENT AND SETTING NEW TRIAL DATE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the crossmotions for summary judgment filed by plaintiff, Sara J. Daneman, the duly appointed chapter 7 trustee for this bank-

ruptcy estate, and defendant Bank One, N.A.

This Court has jurisdiction over this matter pursuant to 18 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(F).

Rule 56 of the Federal Rules of Civil Procedure is made applicable to this proceeding by Bankruptcy Rule 7056. It permits either a claimant or a defending party to move with or without supporting affidavits for a summary judgment in that party's favor. The Court shall render summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

■ The fact that both parties have filed motions for summary judgment does not change the standards by which courts must evaluate such motions. *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir.1991). Courts are still required to resolve each motion on its own merits drawing all reasonable inferences against the party whose motion is being considered. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir.1987). Where genuine issues of material fact remain, summary judgment is not proper for either movant. *Id.*

The trustee timely commenced this action on October 25, 2000, seeking to avoid and recover the transfer of $10,611.08 to the defendant as a preference. Title 11, United States Code, Section 547(b) provides that the trustee may avoid any transfer of an interest of the debtor in property to or for the benefit of a creditor; made on account of an antecedent debt; made while the debtor was insolvent; made within 90 days of the filing of the debtor's petition;

and which enabled the creditor to receive more than such creditor would have received had the transfer not been made and the creditor received a distribution under chapter 7. If the trustee satisfies each of these elements by a preponderance of the evidence, she would be entitled to recover the $10,611.08 from the defendant under § 550(a) of the Bankruptcy Code.

The only issue the parties dispute is whether the transfer of the $10,611.08 to the defendant was a transfer of an interest of the debtor. Thus, the other elements of the preference statute are deemed satisfied.

With respect to the sole remaining issue, the parties agree that the debtor had an unsecured line of credit with the defendant beginning in July 1995. In April 2000, the debtor was experiencing serious financial problems and asked his son to pay off the balance of this line of credit. After an initial attempt to transfer the funds electronically failed, the debtor's son issued a check to the defendant in the amount of $10,611.08 to pay off the line of credit.

The trustee characterizes this payment as a loan to the debtor by his son. As such, the debtor would have had an interest in the funds transferred. The defendant argues that under the earmarking doctrine, the funds never belonged to the debtor since the transfer was made directly from the debtor's son to the defendant. The trustee counters that the earmarking doctrine does not apply under the facts of this case because the debtor, and not his son, chose the creditor to be paid.

■ The Sixth Circuit has held that when a third party lends money to a debtor to enable the debtor to satisfy the debt owed to a specific creditor, the proceeds of that loan are not generally the property of the debtor. *Mandross v. Peoples Banking Co. (In re Hartley)*, 825 F.2d 1067, 1070 (6th Cir.1987). In *Rabin v. B & M Realty*

*Corp. (In re Plechaty)*, 201 B.R. 486, 491 (Bankr.N.D.Ohio 1996), the bankruptcy court noted, however, that the rule in *Hartley* applied in general to those cases in which the lender, and not the debtor, selects the creditor to be paid.

It seems to this Court that what was at issue in *Hartley* and the other earmarking cases is the extent of the debtor's control over the money. If the debtor never controlled the money, the money never became part of his assets and, accordingly, there could not have been a diminution of his estate. 825 F.2d at 1070.

Each of the parties has cited to particular excerpts from the depositions on file of the debtor and the debtor's son to support the proposition that the debtor did, or did not, have dispositive control over the transferred funds. Neither party, however, has convinced this Court of the absence of genuine issues of fact material to this issue. Without live testimony, the Court is simply not in a position to judge the credibility of the witnesses. Furthermore, credibility findings are not appropriate in the context of a motion for summary judgment, but rather must be determined at trial.

Based on the foregoing, the crossmotions for summary judgment are **DENIED**. Trial of this matter, on the sole issue remaining, is hereby rescheduled to **January 8, 2002, at 2:30 p.m.,** in Courtroom C, Fifth Floor, United States Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215.

**IT IS SO ORDERED.**